UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NIHAL ERKAN,

                Plaintiff,

      v.

AMERICAN ACADEMY OF PET
GROOMING, INC.,

                Defendant.

**MEMORANDUM & ORDER**
23-CV-05970 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff has asserted claims under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, and the New York City Human Rights Law based on her allegations that Defendant's website is not accessible to visually-impaired people. ECF No. 1. Since the Clerk of Court has entered Defendant's default pursuant to Rule 55(a), *see* ECF No. 9, Plaintiff has moved for a default judgment pursuant to Rule 55(b), *see* ECF No. 14. The Court grants Plaintiff's motion for a default judgment but awards Plaintiff only the $1,000 in statutory damages that she has requested. The Court does not award Plaintiff any injunctive relief or attorneys' fees and is not certifying Plaintiff's claims as a class action.

## BACKGROUND

    Plaintiff is a legally blind person who resides in Queens and visited the website of Defendant's pet grooming business, so that she could learn more about Defendant's business in advance of potentially visiting Defendant's physical location to take pet grooming and first aid classes that Defendant offers. ECF No. 1 ¶¶ 9, 16–17, 36–37. Plaintiff wanted to take Defendant's classes because she wants "to be able to take care of her dog independently because due to her health conditions, she does not have the possibility to often visit the clinics." *Id.* ¶ 10.

Plaintiff typically reviews websites using screen-reading technology. *Id.* ¶ 2. But Plaintiff was unable to use Defendant's website because it was not compatible with screen-reading technology and, therefore, nonsensical to people who attempt to review the website using such technology. *Id.* ¶¶ 29–36.

Defendant never appeared to respond to Plaintiff's complaint. Plaintiff did, however, provide the Court with a copy of a *pro se* answer, prepared by an apparent non-attorney representative of Defendant's business, that Defendant had mailed to Plaintiff. ECF No. 11-1. In that answer, Defendant asserts that the owner of the business died several years ago, that the license that New York issued to operate the business expired after Plaintiff filed this lawsuit, and that Defendant's business and website will imminently be shut down. *Id.* Despite Defendant's attempt to raise these defenses, the Court directed Plaintiff to move for a default judgment because a corporation cannot represent itself *pro se* through a non-attorney representative. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129–31 (2d Cir. 2011). The Clerk of Court has issued a certificate of default, and Plaintiff has moved for a default judgment. ECF Nos. 9, 14.

## LEGAL STANDARD

The Clerk of Court's "decision to enter a default against [D]efendant[] does not by definition entitle [P]laintiff[] to an entry of a default judgment. Rather, the [C]ourt may, on [P]laintiff['s] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).[1] When deciding a default judgment motion, the Court must accept as true all of the

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

allegations in Plaintiff's complaint related to liability. *Id.* at 188. Defendant's default, however, "is not considered an admission of damages." *Id.* at 189. Instead, Plaintiff must demonstrate that there is "an evidentiary basis for the damages sought." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). Although Rule 55 says that the Court "may conduct hearings" to decide the issue of damages, *see* Fed. R. Civ. P. 55(b)(2), the rule "does not require the district judge to conduct a hearing." *Bricklayers*, 779 F.3d at 189. The decision to conduct a hearing is left "to the sound discretion of the district court." *Cement & Concrete Workers*, 699 F.3d at 233. In this case, Plaintiff's papers are sufficient to decide the motion.

## DISCUSSION

The Court agrees, based on the allegations in Plaintiff's complaint, that Plaintiff has adequately pled a violation of the ADA, according to the standing requirements required by the Second Circuit described in *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022). Plaintiff's allegations are also sufficient to state claims for disability discrimination under the New York State Human Rights Law because such claims are "governed by the same legal standards as govern federal ADA claims" and the New York City Human Rights Law because, although that law has a broader scope than the ADA, it "at least covers any conduct that constitutes discrimination under the ADA." *See Winegard v. Crain Commc'ns, Inc.*, No. 20-cv-1509, 2021 WL 1198960, at *3 (S.D.N.Y. Mar. 30, 2021) (granting default judgment on claims under ADA, state, and local law based on accessibility of defendant's website). Since Plaintiff has sought only $1,000 in statutory damages under the New York State and City Human Rights Laws, and presented no proof that she suffered any actual damages, the Court awards Plaintiff

3

statutory damages of $1,000.  *See id.* *3 (finding such an award appropriate on default judgment).

The Court declines to award Plaintiff any injunctive relief.  A plaintiff has no standing to assert a claim for prospective injunctive relief unless the plaintiff can show that she is "likely to suffer future injury" from the defendant's allegedly unlawful conduct.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).  Plaintiff's boilerplate motion for default judgment, supported only by an attorney declaration, makes no effort to show that Plaintiff satisfies this standard.  ECF No. 14.  In particular, it makes no effort to explain how Plaintiff faces the threat of future injury from a business or website that will imminently be shut down.  *Id.*

Plaintiff's proposed default judgment would also certify a nationwide class of other legally blind individuals and provide relief on their behalf.  *See* ECF No. 14; ECF No. 1 ¶¶ 43–44.  The Court declines to certify a class or to provide any class-wide relief.  A party seeking to certify a class must do so based on actual evidence, not merely allegations in a complaint, yet Plaintiff has presented no evidence that even suggests the requirements in Rule 23 are satisfied.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard.").  "Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions, and thus the Court cannot permit certification by default."  *Winegard*, 2021 WL 1198960, at *2 (declining to certify class as part of default judgment motion).

Plaintiff's default judgment motion also requests "an award for reasonable attorney fees and costs . . . in an amount to be determined by the Court."  ECF No. 14 at 4.  But her attorneys have provided no information about the amount of time they spent working on the case or the hourly rates that they seek to charge.  ECF No. 14.  The Court is required to consider that

4

information in order to grant an award of attorneys' fees.  *See Lilly v. City of New York*, 934 F.3d 222, 229–30 (2d Cir. 2019) (describing process for calculating attorneys' fees).  Since Plaintiff has not provided the necessary information, the Court is not awarding her attorneys any fees.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS Plaintiff's motion for a default judgment but awards only the statutory damages requested in Plaintiff's motion and no other relief.  ECF No. 14.  The Clerk of Court is respectfully directed to enter a judgment against Defendant in favor of Plaintiff, in the amount of $1,000.00, and to close this case.

SO ORDERED.

                                             */s/ Hector Gonzalez*
                                             HECTOR GONZALEZ
                                             United States District Judge

Dated:  Brooklyn, New York
         January 5, 2024